UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: ____________________

PAT ELIA,

Plaintiff,

vs.

WEST WAY TOWING OF PALM BEACH, INC.,

Defendant.
__________________________________________/

**COMPLAINT**

COMES NOW, Plaintiff, PAT ELIA, by and through her undersigned counsel, and sues the Defendant, WEST WAY TOWING OF PALM BEACH, INC., and alleges as follows:

**INTRODUCTION**

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

**PARTIES**

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

**STATEMENT OF FACTS**

7. The Plaintiff was an employee for the Defendant since 2006, as a Manager.

8. Throughout his employment, Plaintiff was a satisfactory employee and had no issues with his employment.

9. However, beginning around 2014, Plaintiff began to suffer from scarred lungs, a breathing condition, that ultimately resulted in his doctor placing him on light duty.

10. As evidence of his condition, on May 5, 2016, Plaintiff provided his doctor's note to his boss, Kevin, and the Office Manager, who told him that there was no light duty available.

11. Given that there was no light duty, Plaintiff then requested a leave of absence to cover his time out, while he recovered from his condition.

12. Considering Plaintiff worked full-time for more than one year, this absolutely placed the Defendant on notice that Plaintiff was in need of leave under the FMLA.

13. Two days later, Plaintiff was shockingly notified that he was terminated.

14. Plaintiff immediately contacted Kevin, wherein a meeting was held with him and the Office Manager.

15. At this meeting, Plaintiff was told that he had *turned in his resignation*.

16. Plaintiff requested to see the letter, and when he was presented the letter, it was the doctors note with his restrictions.

**COUNT I**
**FMLA INTERFERENCE**

17. The Plaintiff incorporates by reference paragraphs 1-16 herein.

18. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

19. The Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing to provide FMLA paperwork to the Plaintiff to obtain FMLA leave.

20. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

21. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, PAT ELIA, requests that judgment be entered against the Defendant, WEST WAY TOWING OF PALM BEACH, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

**COUNT II**

**FMLA RETALIATION**

22. The Plaintiff incorporates by reference paragraphs 1-16 herein.

23. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

24. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

25. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

26. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

27. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, PAT ELIA, requests that judgment be entered against the Defendant, WEST WAY TOWING OF PALM BEACH, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: December 7, 2016.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida 33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701